IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 08-262 |
| | ) | See CA 11-517 |
| GLENN LEE YOUNG, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

**MEMORANDUM OPINION**

Bloch, D.J.

Petitioner, on April 20, 2011, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 89) and memorandum in support thereof (Doc. No. 90). Upon consideration of this motion, and upon further consideration of the Government's response thereto (Doc. No. 93), filed on June 20, 2011, and Petitioner's traverse to the Government's response (Doc. No. 99), filed on March 19, 2012, the Court denies Petitioner's motion for the reasons set forth below.

I. **Background**

On July 8, 2008, an indictment was returned by the Grand Jury charging Petitioner with conspiracy to possess with intent to distribute and distribute less than 100 grams of heroin, in violation of 21 U.S.C. § 846. On April 21, 2009, the Court found Petitioner guilty after a non-jury trial, and on July 23,

1

2009, the Court sentenced him to a term of imprisonment of 180 months, which constituted a downward variance from the sentencing range recommended by the United States Sentencing Guidelines, to be followed by six years' supervised release. Petitioner subsequently appealed and challenged his conviction and sentence, arguing primarily that his sentence was unreasonable because the Court failed to further vary based on the fact that his designation as a career offender pursuant to the Guidelines substantially overstated the seriousness of his criminal history. On July 23, 2010, the Third Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

On April 20, 2011, Petitioner filed his motion pursuant to 28 U.S.C. § 2255. On April 21, 2011, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section

2

2255 petition within the one-year statutory period of the AEDPA. When Petitioner failed to respond, the Court proceeded under his motion as filed. The Court will address the claims raised in Petitioner's motion below.

## II. Discussion

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted, Petitioner brings his pro se motion pursuant to Section 2255. This statute permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

3

In his motion and supporting memorandum, Petitioner claims he is entitled to relief under Section 2255 on the basis of ineffective assistance of counsel. In raising this claim, Petitioner identifies four specific areas in which his counsel was allegedly ineffective. First, he alleges that counsel was ineffective in failing to request that the Court forego application of the career offender provisions of USSG § 4B1.1. Second, he argues that counsel improperly failed to seek the identification of the Government's confidential informant. Third, he claims that counsel was ineffective in failing to appeal this Court's denial of his motion to suppress wiretap evidence. Finally, he argues that counsel failed to object to the testimony of Agent Daniel Snyder of the United States Drug Enforcement Agency that was allegedly based on statements made by the confidential informant in violation of the Confrontation Clause of the United States Constitution. For the reasons that follow, the Court finds no merit in any of Petitioner's claims and finds that the record conclusively shows that he is not entitled to relief under Section 2255 on any of the grounds he alleges.[1]

A defendant seeking relief under Section 2255 on the ground of ineffective assistance of counsel "must show both that: (1)

---

[1] Since the record itself conclusively shows that Petitioner is not entitled to relief, no evidentiary hearing is necessary.

4

counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for the counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted). "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997) (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

## A. Failure Regarding Career Offender Status

As noted, Petitioner's first argument is that his attorney failed to request that the Court forego application of the career offender guidelines. Counsel, in response to the presentence investigation report ("PIR"), objected to the finding in the PIR that Petitioner qualified as a career offender, arguing that the conviction set forth in paragraph 27 of the PIR was outside of the time frame permitted by USSG §§ 4A1.2(a)(1) and (e) and therefore could not be used as a predicate offense under Section 4B1.1. Moreover, counsel requested that the Court depart from the guideline sentencing range because classification as a career offender substantially overstated the seriousness of Petitioner's criminal history. In so doing, he pointed out that Petitioner's recommended guideline sentencing range, absent application of the career offender guidelines, would be no worse than 46 to 57 months.

As it explained in its Tentative Findings and Rulings Concerning Disputed Facts or Factors, the Court rejected counsel's argument that the conviction set forth in paragraph 27 was too old to function as a predicate offense for purposes of the career offender guidelines. The Court explained that the conviction included a sentence of imprisonment exceeding one year and one month and, because Petitioner was imprisoned until July 16, 1998 because of parole violations, it was imposed

6

within the applicable time limits under Section 4A1.2(e). Accordingly, the Court found the recommended guideline sentencing range to be 262 to 327 months. However, the Court, for the reasons set forth by counsel, did, in fact, vary from the recommended range, imposing a sentence of 180 months' imprisonment.

Petitioner appears to acknowledge this, but argues that counsel, despite his request for a departure, should have asked the Court to "forego application of the career offender provision" on grounds virtually the same as those actually raised by counsel. He further suggests that, as a result of this failure, the Court did not fully understand that it had the discretion not to apply Section 4B1.1 at all. This argument is utterly frivolous.

Petitioner's counsel made the very argument Petitioner claims he should have made. He requested a variance based on the factors cited by Petitioner and even informed the Court of Petitioner's guideline sentencing range notwithstanding the career offender provisions. Regardless, even if Petitioner could establish that counsel did not argue with sufficient clarity that, not only was a departure and/or variance warranted, but that the Court should sentence him under the guideline range that would apply notwithstanding the application of Section 4B1.1, he cannot demonstrate prejudice. Despite

7

Petitioner's claims to the contrary, this Court was well-aware that its sentencing discretion included the option of imposing a sentence within the guideline range that would have applied were Petitioner not a career offender. The Court expressly stated that such a sentence would be entirely too low and sentenced Petitioner to 180 months. This sentence was affirmed by the Third Circuit.

In essence, Petitioner's first argument is that counsel, although he did argue for a variance, did not argue for, or obtain for Petitioner, a big enough variance. The sentence imposed by the Court was based in no way on any mistakes made by counsel, even if such errors occurred, which they did not. Accordingly, there is no basis for affording relief based on Petitioner's first ground.

### B. **Failure to Seek Identity of Confidential Informant**

Petitioner's second argument is that his counsel was ineffective in failing to seek the identity of the confidential informant in this case.[2] The Court finds no merit in this argument, as Petitioner can establish neither objectively unreasonable behavior on the part of his attorney nor prejudice.

---

[2] The Court notes that the arguments raised in Petitioner's "Exhibit C" also touch upon the Confrontation Clause arguments he raises more expressly in his fourth argument. The Court will defer any discussion regarding such issues until it addresses Petitioner's fourth argument.

8

As to the first prong of the <u>Strickland</u> test, the record demonstrates that counsel's decision not to seek the identity of the Government's confidential informant was not objectively unreasonable. Petitioner admits that he discussed the issue with counsel, and that counsel explained that since the informant would not be testifying, a motion seeking his or her identity would likely be denied. He was right.

The Government has a qualified privilege to refuse to disclose the identity of a confidential informant who has provided information about alleged criminal activity. <u>See</u> <u>Pickel v. United States</u>, 746 F.2d 176, 181 (3d Cir. 1984)(citing <u>Roviaro v. United States</u>, 353 U.S. 53 (1957)). In determining whether the privilege should be sustained, a court must balance the public interest in protecting the flow of information against an individual's right to prepare his defense. <u>See</u> <u>id.</u> The party seeking disclosure of the information has the burden of establishing the significance of the informant's testimony. <u>See</u> <u>id.</u> Mere speculation as to the usefulness of the informant's testimony is insufficient to justify disclosure of the identity of a confidential informant. <u>See</u> <u>United States v. Bazzano</u>, 712 F.2d 826, 839 (3d Cir. 1983).

Here, Petitioner has not provided any evidence regarding the significance of the testimony of the confidential informant other than to state that the informant would be the only person

9

who could amplify or contradict the testimony of Government witnesses, rendering his or her testimony "inherently material." This does not appear to rise even to the level of speculation as to the usefulness of the testimony, much less to the level required to meet Petitioner's burden. Petitioner essentially states that the informant's identity is necessary because he or she has knowledge of the facts. Petitioner at no point alleges that the informant's testimony would have been favorable to him or even useful to him in any way. Petitioner's counsel had no reason to believe that the Court would require the Government to disclose the identity of a non-testifying confidential informant under these circumstances.

For much the same reason, even if Petitioner could establish that his counsel erred, he could not establish that he was prejudiced as a result. There is no indication in the record, nor does Petitioner allege, that the confidential informant would have provided testimony favorable to him. To the contrary, it appears that the informant would have provided testimony contrary to Petitioner's interests. Although Petitioner claims that he wanted to call the informant as a witness on his behalf, he does not indicate what testimony the informant would have offered. To establish prejudice under Strickland, Petitioner cannot rely on mere speculation as to what the testimony would have been, but rather, must demonstrate

what the actual testimony would be. See Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006).[3] Based on all of the above, there is no basis for finding a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different.

### C. Failure to Appeal Denial of Suppression Motion

Petitioner's third argument is that his counsel was ineffective in failing to raise on appeal the issue of whether this Court correctly denied his motion to suppress wiretap communications. As with Petitioner's other arguments, the Court finds his contentions to be meritless.

Counsel did indeed file a motion seeking the suppression of evidence obtained by wire interception. Among the arguments he raised was the one Petitioner argues he should have raised on appeal – that the Government failed to establish that other investigative techniques either failed or were impractical under the circumstances as required by 18 U.S.C. § 2518. The Court rejected this argument and denied Petitioner's motion at the April 8, 2009 hearing on the motion. It appears that the issue

---

[3] Moreover, decisions as to which witnesses to call to testify are generally strategic decisions entrusted to counsel, and counsel need not call every suggested witness – only those likely to assist the case. See United States v. Merlino, 2 F. Supp. 2d 647, 662 (E.D. Pa. 1997). Although the Court need not decide whether counsel's decision not to call the informant as a witness was a strategic one, it appears from the record that it obviously was.

11

was not raised during the appeal of Petitioner's conviction and sentence.

The Court first notes that it is not clear why the issue was not raised. The Third Circuit's opinion states only that counsel was provided with the opportunity to raise the issue but did not do so.[4] While the decision whether to take an appeal is left to a defendant, the decision as to what issues to raise is generally a strategic decision left to the attorney. See Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1433 (3d Cir. 1996); United States v. Tiggett, 2009 WL 415708, at *2 (E.D. Pa. Feb. 13, 2009). However, even in regard to those decisions not left to the defendant, the attorney's "duty is to take professional responsibility for the conduct of the case, after consulting with his client." Jones v. Barnes, 463 U.S. 745, 753 n.6 (1983). While it does appear that Petitioner's attorney told him that he was not raising the issue on appeal because it lacked merit, the precise nature and extent of the consultation is unclear. Accordingly, the Court will not assume that counsel's decision not to raise the suppression issue on appeal was strategic, and, instead, the Court will analyze the

---

[4] Petitioner had filed a pro se appeal to this Court's denial of his suppression motion prior to final judgment in his case. After his case did become final, the Third Circuit combined the pro se appeal with Petitioner's appeal filed pursuant to counsel and referred the pro se motion to counsel. The issue was not raised on appeal.

objective reasonableness of the decision and the issue of prejudice. See Thomas v. Varner, 428 F.3d 491, 499, 501 n.10 (3d Cir. 2005).[5]

It is most appropriate to begin with the issue of prejudice. Even if Petitioner could establish that his counsel was ineffective in failing to challenge the Court's denial of his suppression motion on appeal, he cannot establish that he was prejudiced by his counsel's conduct because there is no reasonable probability that Petitioner would have prevailed on this issue on appeal. The Court explained at the April 8 hearing why there was no merit to Petitioner's argument, and nothing appears in the record that would suggest that the appellate court would have found otherwise.

---

[5] Ordinarily Petitioner's failure to raise the suppression issue on direct appeal would constitute a procedural default, and arguments that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the defendant can demonstrate both cause and prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citations omitted); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"). However, a successful challenge to the effectiveness of counsel's performance on direct appeal can establish the necessary cause to excuse a procedural default. See Lines v. Larkins, 208 F.3d 153, 167 n.20 (3d Cir. 2000). Regardless, as explained herein, Petitioner cannot raise such a successful challenge.

As this Court explained, Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III") provides that the Government must establish that other investigative procedures had been tried and failed or reasonably appeared to be unlikely to succeed if tried or to be too dangerous. See 18 U.S.C. § 2518(1)(c). However, with regard to Title III's necessity requirement, investigations are not restricted to crimes that can be probed satisfactorily by normal methods. In the proper circumstances, the instrumentalities of Title III may be employed to discover the full extent of crimes and conspiracies. See United States v. Vento, 533 F.2d 838, 850 (3rd Cir. 1976). Courts use a "pragmatic" approach to 2518(1)(c)'s necessity requirement. Id. at 849. In establishing necessity, there is no requirement that every investigative methodology be exhausted prior to an application under Section 2518 for an order authorizing a wiretap. See id. Although an affidavit in support of a wiretap application must contain a full and complete statement as to whether or not investigative procedures have be tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous, "[t]he government need only lay a 'factual predicate' sufficient to inform the judge why other methods of investigation are not sufficient." United States v. McGlory, 968 F.2d 309, 345 (3d Cir. 1992).

The Court found that the purpose and scope of the Government's investigation as stated in its affidavits and applications were to, among other things, obtain evidence regarding the manner and means of the commission of the offense charged in the indictment; the full scope, and extent of each individual's involvement in the illegal activity; and the identity of other participants in the offense. After an independent review of the record, the Court found that the Government met its burden with regard to the necessity requirement because the wiretap applications and the resulting orders were necessary to identify and prosecute all of the members of the multi-level narcotics conspiracy, including its members in Pittsburgh, New Jersey, and beyond.

The Court noted that the affidavits in support of the applications detailed several investigative techniques that were available and how these were of limited effectiveness due to the size and structure of the wide-ranging conspiracy. The specific facts of the investigation, including the conspirators' use of pre-paid phones with no subscriber information, the limited value of physical surveillance, the limited effectiveness of search warrants, grand jury subpoenas and witness interviews, and the ineffectiveness of controlled buys by a confidential informant, pointed to the necessity of the wiretap interceptions

in order to identify all members of the conspiracy and dismantle a wide-ranging heroin distribution ring.

Moreover, as to the argument in the suppression motion that the Government did not comply with the orders authorizing the wire interceptions when it failed to minimize the interceptions as required by the orders, the Court found that Petitioner had failed to specify which calls he believed were not properly minimized. Accordingly, the Court found no merit to the issues raised in Petitioner's suppression motion.[6]

The decision by this Court was not a particularly close call, and there is nothing to suggest that the Third Circuit would have disagreed. Indeed, this Court was in agreement with the previous judicial approval of the wire interceptions. Accordingly, there is no reasonable probability that appealing the Court's denial of Petitioner's motion would have led to any different result. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)("There can be no Sixth Amendment deprivation

---

[6] To the extent that Petitioner is arguing that he was entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), he has not even come close to making the requisite substantial preliminary showing that the affidavits contained false statements, much less that the inclusion of any such statements was knowing, intentional, or with reckless disregard for the truth.

of effective counsel based on an attorney's failure to raise a meritless argument.").[7]

### D. Failure to Object to Testimonial Hearsay

Petitioner's final argument is that his counsel was ineffective in failing to object to the portions of Agent Snyder's testimony which constituted testimonial hearsay based on statements made by the confidential informant. Again, the Court finds no merit in this position.

Petitioner's argument is based primarily on his contention that his rights under the Confrontation Clause of the Sixth Amendment were violated. He alleges that parts of Agent Snyder's testimony were based on statements made to him by the confidential informant. He claims that these statements were testimonial in nature and that, because the informant was not called as a witness, he was denied the right to confront the informant regarding these statements. He further states that his counsel was ineffective in failing to object to these statements' admission. Although Petitioner is generally accurate in his recitation of the law, the problem with his argument is that he does not apply any facts to that law.

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the

---

[7] The Court notes that the fact that the argument has no merit also demonstrates that counsel was not ineffective for failing to raise it.

17

right...to be confronted with the witnesses against him." In Crawford v. Washington, 541 U.S. 36 (2004), the United States Supreme Court held that this clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Id. at 53-54. "The lynchpin of the Crawford decision thus is its distinction between testimonial and nontestimonial hearsay; simply put, the rule announced in Crawford applies only to the former category of statements." United States v. Hendricks, 395 F.3d 173, 179 (3d Cir. 2005). "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." Davis v. Washington, 547 U.S. 813, 821 (2006).

Petitioner alleges that Agent Snyder introduced statements by the confidential informant, that these statements were testimonial, and that, had counsel objected to the admission of these statements, there is a reasonable probability that the outcome of Petitioner's trial would have been different. The problem is that this is all that he alleges, as he never provides any specific facts that would support the allegations. He does not specify what statements by the informant were allegedly brought in through the agent's testimony. He does not

even indicate the subject matter of these alleged statements, nor does he state why these statements were testimonial or prejudicial. At no point does he claim with any specificity whatsoever that any of these statements impacted the outcome of his case in any way, and the record does not show differently.

Petitioner's claims, therefore, are so lacking in specificity, so vague, and so conclusory, that no further discussion is warranted. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988). A defendant must set forth sufficient facts in support of the grounds alleged. See Thomas, 221 F.3d at 437-38. Here, Petitioner appears to have come up with a legal theory but failed to determine whether there were facts to support the theory. Because there is no basis to Petitioner's conclusory legal contentions, the Court finds that he has not and cannot establish that counsel was ineffective in this respect.

### III. **Conclusion**

For all of the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). For the reasons

set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated:   August 21, 2012

ecf:     Counsel of record

cc:      Glenn Lee Young, #30616-068
         USP Coleman I
         P.O. Box 1033
         Coleman, FL 33521